**FILED**

JUL 2 2 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

NATHANIEL SMITH THURSTON, JR.,　　:

　　　　　Plaintiff,　　　　　　　:

v.　　　　　　　　　　　　　　　:　　Civil Action No.　　**10 1239**

　　　　　　　　　　　　　　　　:

UNITED STATES OF AMERICA,　　　:

　　　　　　　　　　　　　　　　:

　　　　　Defendant.　　　　　　:

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court grants the application and dismisses the complaint with prejudice.

It appears that plaintiff has filed several civil actions in this and other federal district courts, all of which have been dismissed. *See* Compl. at 3-6. He alleges that the federal judges involved in these cases have abused their judicial power, deprived him of due process, and subjected him to cruel and unusual punishment in violation of the United States Constitution. Plaintiff demands monetary damages totalling $200,002,040. *Id*. at 12.

The Court construes the complaint as a civil rights action under 42 U.S.C. § 1983 against the United States. Sovereign immunity bars a claim for money damages against the United States, and the complaint must be dismissed for lack of subject matter jurisdiction. *See, e.g., Epps v. Howes*, No. 06-717(RMC), 2007 WL 2248072, at *3 (D.D.C. July 31, 2007) (dismissing claims brought under 42 U.S.C. §1983 against the United States, the Department of Justice, and the USPC for lack of subject matter jurisdiction because these entities were protected from suit by sovereign immunity). Furthermore, to the extent that plaintiff brings claims against any of the federal judges mentioned in his complaint, these judges enjoy absolute immunity from liability

for damages for acts committed within their judicial jurisdiction. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). In this respect, the complaint must be dismissed because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

An Order is issued separately.

United States District Judge

Date: July 10, 2010